\*GEORGE W. STORY *v.* THEODORE HAMMOND AND OTHERS. [376

An action on the case lies for a nuisance affecting the health of the plaintiff and his family.

THIS was a motion for a new trial, reserved from the county of Cuyahoga.

The plaintiff brought an *action on the case,* to recover special damages, sustained by himself and family, in consequence of a mill-dam erected by the defendant across a branch of Yellow creek, in Cuyahoga county.

The plaintiff, in his declaration, alleged that the dam, by overflowing the adjacent lands, rendered the atmosphere exceedingly impure and unhealthy; and thereby occasioned the sickness of himself and family; and that he was put to great costs and charges, in and about curing himself, and his wife and children, etc.; and that he and his family had sustained a great loss of time, etc.

The jury rendered a verdict, in favor of the plaintiff, for one hundred and eighty-eight dollars and seventy-five cents; and the defendant moved for a new trial upon two grounds:

*First.* That the court permitted the plaintiff to give evidence, not only of his own sickness, but of the sickness of his family and

the different members thereof, and the loss of their services, as a foundation for the recovery of damages.

*Second.* Because the court charged the jury that this action was, by law, sustainable, although the neighborhood generally was afflicted with the same injury sustained ·by the plaintiff and his family, and for which this action was brought. That if the jury were satisfied that the sickness of the plaintiff and his family was ·caused by the erection of the dam or nuisance, then the plaintiff had proved a damage done to himself and family sufficiently special to entitle him to recover, notwithstanding the neighborhood generally was proved to have sustained the same injury. That the defendant, having been indicted and plead guilty, under section 43 of the "act for the punishment of certain offenses therein named," previous to the commencement of this suit, formed ·no bar to this action, and that the private remedy of the plaintiff was not thereby taken away.

377] *It was proved on the trial, that Yellow creek was not a navigable stream, and that the dam was erected upon the lands of the defendant, in the vicinity of the plaintiff's residence.

HUMPHREY & KIRKUM, in favor of the motion.

WILLEY & OLCOTT, contra.

By the COURT:

The declaration is somewhat loose and inartificial, but is sub·stantially good. No other evidence was admitted on the trial than to show the sickness of the plaintiff, and that of his wife and children whom he was bound to support.

It appeared, upon the trial, that not only the plaintiff and his family, but the neighborhood, generally, suffered much sickness ;and disease, occasioned by the defendant's mill-dam, and it is insisted that this general injury is a legal bar to the recovery of in·dividual damages.

We consider it unnecessary to determine whether the injury complained of belongs to the class of public or private nuisances, as defined by the common law. Every member of society is bound by the principles of natural justice, so to use his own property as not to injure the rights of others. If an individual erects a mill-

dam which creates disease and sickness, he must be responsible for the consequences.

The defense set up is entirely without foundation. If a man were to sally forth into the public streets of a town, and commit an assault and battery upon every person he met, it would hardly be competent for him, in a suit by an individual for special damages, to set up as a defense that he had not only beat the plaintiff, but had also beat the whole town. Or, if a man was to poison a reservoir of water, for the supply of a city, and thereby create a general sickness among the inhabitants, it would not be seriously contended that the magnitude of the offense was a bar to a private action; or, in other words, that the defendant might exculpate himself by proving that he had not only poisoned the plaintiff, but had poisoned all the inhabitants of the city.

*There is no foundation in the objection that the civil action [378 was merged in the indictment. In England, actions of trespass or *tort*, in certain cases, were held to be merged in the felony. But this rule, it seems, did not operate after the offender was brought to justice. 1 Bac. Abr. 99; 4 Term, 333. (a)

Motion overruled.

(a) The doctrine of merger by felony, of a civil action, has no foundation in this country. 15 Mass. 338. In *assumpsit* for money received, proof that a lamb was driven to London and sold, is sufficient, unless it appear to be stolen, when *trover* would be the only proper remedy. Bull. N. P. 331.